UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

APRIL AIKENS,

        Plaintiff,

vs.                              Case No.  **2:06-cv-215-FtM-29SPC**

FSG OF SW FLORIDA, INC.; JILL PERANICH; DAN PERANICH,

        Defendants.
_____

WALTER HALL; JAMES R. CHAMBERS; DAWN WATERS; LINDA OLDAKER,

        Plaintiffs,

vs.                              Case No.  2:06-cv-328-FtM-29SPC

DAN PERANICH; LISA PERANICH,

        Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendants' Motion to Dismiss Complaint for Failure to State a Cause of Action upon which Relief can be Granted (Doc. #16), filed on May 17, 2006, before the consolidation of the cases.  Plaintiff April Aikens filed a Memorandum of Law in Opposition (Doc. #17) on May 26, 2006.  On June 8, 2006, defendants filed a Memorandum of Law in Support (Docs. #27-#29) three times, presenting a response for each of the

named defendants.[1]  Also before the Court is plaintiff April Aikens' Motion to Strike Defendants' Memorandum of Law and Affidavits in Support of Defendants' Motion to Dismiss Complaint (Doc. #30) and Opposition (Doc. #31) thereto.

**I.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint simply must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiffs'

---

[1] Defendants are advised that electronic filing allows more than one party to be selected when filing a document on behalf of more than one party.

complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16. While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharm., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005).

**II.**

Plaintiff April Aikens (Aikens) seeks to recover unpaid overtime compensation and damages pursuant to the Fair Labor Standards Act (FLSA). (Doc. #1, ¶ 1.) Plaintiff alleges that defendants had a policy and practice of requiring or permitting work in excess of 40 hours each workweek without paying time and one-half, id. at ¶ 2, and that she was an employee of defendants during all relevant times, id. at ¶ 10. Defendant FSG of SW Florida, Inc. does business as Fowler Street Grill (hereinafter FSG). (Id. at ¶ 7.) Defendants Jill Peranich and Dan Peranich are alleged to be the owners and/or officers of FSG having operational control over the enterprise. (Id. at ¶¶ 8-9.)

Plaintiff alleges that she does not meet the requirements for an exemption, id. at ¶ 15; that she regularly worked in excess of 40 hours, id. at ¶ 16; and that she did not receive overtime payments for work in excess of 40 hours, id. at ¶ 17. Plaintiff

filed the one-count Complaint seeking relief under the FLSA, including damages, post-judgment interest, fees, and costs.

Defendants seek to dismiss the Complaint, arguing that plaintiff Aikens was never employed by defendants for any period; that the individual defendants should be dismissed as the facts are insufficient to "pierce FSG's corporate veil"; and that plaintiff failed to specifically allege the hours, days, or other periods of worked overtime.

**A.**

Plaintiff argues, in her response to the motion to dismiss, that the Motion to Dismiss should be denied for failure to comply with Middle District of Florida Local Rule 3.01(a), which at the time stated:

> In making any written motion or other application to the Court for the entry of an order of any kind, . . ., the moving party shall file and serve with such motion or application a brief or legal memorandum with citation of authorities in support of the relief requested.

The Local Rules were amended as of May 31, 2006, and Local Rule 3.01(a) now states:

> In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages.

After the response and after the effective date of the amendment, defendants filed Memoranda of Law in support (Docs. #27-#29) of the motion to dismiss as separate documents and attached matters

outside the four corners of the Complaint. Regardless of the untimeliness of the memoranda, the filings were made after the response was filed, and could only be construed as unauthorized Replies. As a result, the memoranda will be stricken (along with the attached Affidavits and Public Inquires) and not considered.

**B.**

Federal Rule of Civil Procedure 8 requires a short, plain statement such that defendants have adequate notice of the claim. Plaintiff is not required to prove her allegation that she was actually employed by defendants, and there is nothing to indicate that plaintiff could not establish facts to support the contention that she actually worked at FSG. At this stage of the proceedings and taking all allegations as true, defendants' motion to dismiss is denied with respect to this issue.

**C.**

The Fair Labor Standards Act of 1938 defines an employer as including "any person[2] acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency. . . ." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA

---

[2]"Person" is defined as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a).

for unpaid wages." Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986)(quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983))(citations omitted). Plaintiff alleges that the individual defendants had "operational control" over the enterprise[3], and at this stage of the proceedings, the allegation is sufficient. The motion to dismiss will be denied as to this issue.

**D.**

Defendants' request for attorney's fees in the amount of $5,650.00, pursuant to Fla. Stat. § 57.105, is denied because the Court finds that the Complaint states a claim and sanctions are not appropriate.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants' Motion to Dismiss Complaint for Failure to State a Cause of Action upon which Relief can be Granted (Doc. #16), and the request for sanctions pursuant to Fla. Stat. § 57.105 contained therein, is **DENIED**.

2. Plaintiff April Aikens' Motion to Strike Defendants' Memorandum of Law and Affidavits in Support of Defendants' Motion to Dismiss Complaint (Doc. #30) is **GRANTED** to the extent that the

---

[3] An "enterprise" is "means the related activities performed [] by any person or persons for a common business purpose, . . . . 29 U.S.C. § 203(r)(1).

Memoranda (Docs. #27-#29) are **stricken** and were not considered, and is **DENIED** as to the request for attorney's fees and costs.

    3.   The Court declines to impose sanctions under 28 U.S.C. § 1927.

    **DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of September, 2006.

                                               JOHN E. STEELE
                                               United States District Judge

Copies:
Counsel of record